# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| TERRANCE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:05-CV-12 |
| | ) | (2:99-CR-63) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's Notice of Appeal filed February 13, 2006, and Certificate of Appealability filed on March 23, 2006. Pursuant to Federal Rule of Appellate Procedure 22(b), this Court treats Petitioner's Notice of Appeal as a petition for certificate of appealability under 28 U.S.C. section 2253. For the reasons set forth below, Petitioner's request for a certificate of appealability is **DENIED**.

BACKGROUND

Petitioner was arrested on January 15, 1999 and indicted on October 6, 1999 with attempting to possess with the intent to distribute more than 500 grams of cocaine. Petitioner pled guilty without an agreement on the day he was indicted. Petitioner was sentenced on July 1, 2003, and did not file a direct appeal.

Petitioner then initiated a pro se action seeking to vacate his conviction and sentence under 28 U.S.C. section 2255.  Petitioner contended that this Court erroneously increased his sentence based upon an improperly calculated drug amount (relating to relevant conduct), a gun enhancement, and denial of acceptance of responsibility.  Petitioner also contended that the Court improperly considered hearsay statements from an absent, but available witness, during the sentencing hearing.  Additionally, Petitioner argued that he was entitled to relief under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Blakely v. Washington*, 542 U.S. 296 (2004).  On December 28, 2005, the Court denied Petitioner's section 2255 motion, finding that the petition was not filed within the 1-year statute of limitations set forth in 28 U.S.C. section 2255.

In an effort to appeal this Court's denial of his section 2255 motion, Petitioner filed the instant Notice of Appeal.  Federal Rule of Appellate Procedure 22(b) provides that such notices shall be treated as requests for certificates of appealability under 28 U.S.C. section 2253.  The Notice of Appeal requests additional time in which to file a formal petition for certificate of appealability.  By order dated February 17, 2006, Petitioner was granted until March 15, 2006, to file a more detailed, formal brief in support of his motion for a certificate of appealability.  Although not filed by the deadline set out by the Court, Petitioner filed his Certificate of Appealability on March 23, 2006.

DISCUSSION

In order to appeal this Court's December 28, 2005, order denying his motion for relief under 28 U.S.C. section 2255, Petitioner seeks the necessary permission from this Court pursuant to 28 U.S.C. section 2253(c), the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA provides that an unsuccessful section 2255 petitioner may not seek appellate review of the district court's denial of a section 2255 motion unless the petitioner first secures a "certificate of appealability."  Such a certificate may only be issued if the petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

Where a district court has denied, on procedural grounds, the section 2255 motion for which a certificate of appealability is sought, a petitioner must demonstrate two things before a court may issue a certificate of appealability: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 383 (2000).  A failure to meet either test is fatal to an attempt to secure a certificate of appealability.  For example, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition, or

that the petitioner should be allowed to proceed further." *Id.*

Petitioner's Notice of Appeal seeks appeal of the following issue:

> Whether the district court is compelled to consider and then apply, retroactively Petitioner's *Blakely/Booker* claim considering the fact that the Supreme Court's ruling in Dodd v. U.S., No. 04-5286 Decided June 20, 2005 which held that defendants are compelled to file claims of retroactive application of newly recognized rights within 1-year of the premiere of the new ruling; even when the Supreme Court has not made such a ruling retroactive within 1-year.

In his Certificate of Appealability, Petitioner restates the issues as follows:

> **Issue A**
> Whether the Petitioner was compelled by the Supreme Court's ruling in Dodd v. United States, No. 04-5286 decided June 20, 2005 to make both his *Apprendi/Blakely/Booker* claim and Crawford v. Washington 541 U.S. 36 (2004) claims without waiting for retroactive application by the Supreme Court.
>
> **Issue B**
> Whether the lower Courts have authority to apply a Supreme Court ruling retroactively when the Supreme Court has not done so within 1-year of the premiere of that ruling?
>
> **Issue C**
> Whether counsel was ineffective for failing to make the same *Apprendi/Blakely/Booker* claim that the Petitioner made in his 22555 [sic] regarding the judge-made findings for he [sic] drug amount and gun enhancement.

In denying Petitioner's section 2255 motion, this Court held that the motion was procedurally barred because it was not filed within the

-4-

applicable 1-year statute of limitations.  Petitioner does not refute this finding.  Rather, he argues that *Dodd v. United States*, 125 S. Ct. 2478 (2005), mandates that he file his claims based on newly established rights within one year of the right being issued.  The Supreme Court held in *Dodd* that the 1-year limitation period for filing a motion pursuant to 28 U.S.C. section 2255 based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right, not the date which the right is made retroactively applicable.  *Id.* at 2482.  Petitioner argues that, pursuant to *Dodd*, he must file his claims based on certain newly recognized rights now, even though those claims have not yet been found to apply retroactively on collateral attack.  Unfortunately for Petitioner, when the Supreme Court decided *Dodd*, the Court recognized that some petitioner's, like Jackson, may as a result have no remedy.  *Id.* at 2283 ("Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.").

With regards to his claim that this Court should give retroactive effect to rights newly recognized by the Supreme Court, Petitioner cites to no law that would permit this Court to do as he requests.  In fact, the Seventh Circuit has held that both *Booker* and *Crawford* are not retroactive on collateral review.  *See McReynolds v. United States*, 397 F.3d 497 (7th Cir. 2005)(holding that *Booker* does not apply retroactively on collateral review); *Bintz v. Bertrand*, 403 F.3d

859, 867 (7th Cir. 2005)("*Crawford*, therefore, is not a watershed change for purposes of the second *Teague* exception and does not apply retroactively."); *Murillo v. Frank*, 402 F.3d 786, 789-92 (7th Cir. 2005)(holding same).

With regards to his third claim, that his counsel was ineffective in failing to raise certain arguments that Petitioner has raised in his petition pursuant to 28 U.S.C. section 2255 and the instant request for a certificate of appealability, that argument need not be considered here because of the clear procedural bar. *See Slack,* 529 U.S. at 383. Nonetheless, counsel's failure, on July 1, 2003, to anticipate future rulings of the Supreme Court does not meet the necessary requirements for a showing of ineffective assistance of counsel.

In addition to reviewing the Petitioner's Notice of Appeal and Certificate of Appealability, this Court has reviewed its December 28, 2005, order denying his section 2255 motion, and has considered whether a certificate of appealability could properly issue on any of the claims raised by Petitioner in his section 2255 motion. The Court's review of its December 28, 2005, order reveals that Petitioner is not entitled to a certificate of appealability on any issue because no jurist of reason would find it debatable whether the Court was correct in its procedural ruling baring Petitioner's claims. As such, he is not entitled to a certificate of appealability on any of the issues in his section 2255 motion. Petitioner is not entitled to an

appeal.

CONCLUSION

    For the reasons set forth above, Petitioner's request for a certificate of appealability is **DENIED**.


**DATED:  April 14, 2006**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United States District Court**