```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

TERRANCE JACKSON,            )
                             )
Petitioner,                  )
                             )
vs.                          )   NO. 2:05-CV-12
                             )       (2:99-CR-63)
UNITED STATES OF AMERICA,    )
                             )
Respondent.                  )

## OPINION AND ORDER

This matter is before the Court on the Motion for Leave to Appeal In Forma Pauperis, filed by Petitioner, Terrance Jackson, on May 17, 2006. For the reasons set forth below, this motion is **TAKEN UNDER ADVISEMENT**. Petitioner is **ORDERED** to file a statement of his issues on appeal with this Court within 30 days of the date of this order. Failure to follow this order may result in a summary dismissal of Petitioner's request to appeal in forma pauperis.

BACKGROUND

On October 6, 1999, Petitioner pled guilty to attempting to possess with the intent to distribute more than 500 grams of cocaine. Petitioner was sentenced to 135 months of imprisonment, to be followed by four years of supervised release. Petitioner did not file a direct appeal with the Seventh Circuit.

On January 10, 2005, Petitioner filed a petition under 28 U.S.C. section 2255 to vacate, set aside, or correct sentence by a person in federal custody. Petitioner argued that this Court erroneously increased his sentence based upon an improperly calculated drug amount (relating to relevant conduct), a gun enhancement, and denial of acceptance of responsibility. Petitioner also contended the Court improperly considered hearsay statements from an absent, but available witness, during the sentencing hearing. Additionally, Petitioner argued he was entitled to relief under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Blakely v. Washington*, 542 U.S. 296 (2004).

This Court entered an order on December 28, 2005, denying the section 2255 petition. Essentially, the Court found that Petitioner failed to file his motion within the 1-year statute of limitations set forth in 28 U.S.C. section 2255.

In an effort to appeal this Court's denial of his section 2255 petition, Petitioner sought a certificate of appealability, which was denied. In the instant motion, Jackson seeks permission to appeal in forma pauperis.

DISCUSSION

Upon reviewing the affidavit of Petitioner's finances, the Court finds he is financially unable to pay the fees of his appeal. Accordingly, Petitioner has satisfied the poverty requirement for proceeding in forma pauperis. However, Petitioner's affidavit does

not include a statement of his issues for appeal, and the issues Petitioner intends to raise on appeal are not otherwise revealed by the record. Thus, the Court has no way of determining whether this appeal has been taken in good faith.

Although direct appeal in a criminal case is a matter of right in the federal system, leave to appeal in forma pauperis is not. *See, e.g., Coppedge v. United States,* 369 U.S. 438, 444-46 (1962); *United States v. Boutwell*, 896 F.2d 994, 889 (5th Cir. 1990); *United States v. Wilson*, 707 F. Supp. 1582, 1583 (N.D. Ga. 1989); *United States v. Austin*, No. 93-20097-01, 1994 WL 679952, at *1 (D. Kan. Nov. 15, 1994), *aff'd*, No. 94-3323, 1995 WL 499523 (10th Cir. Aug. 23, 1995). Indeed, an appeal may not be taken in forma pauperis if that appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Coppedge*, 369 U.S. at 444-46; *Boutwell*, 896 F.2d at 889; *Wilson*, 707 F. Supp. at 1583; *Austin*, 1994 WL 679952, at *1. The cases cited by the Court for the proposition that a criminal defendant retaining counsel at the trial level and then seeking leave to appeal in forma pauperis rely in part on 28 U.S.C. section 1915(a), which has been substantially amended by the Prisoner Litigation Reform Act. However, the Court has found no Seventh Circuit authority for the proposition that the Prisoner Litigation Reform Act changed the portion of section 1915 (currently section 1915(a)(3)) stating that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. *See, e.g.,*

*Walker v. J.T. O'Brien,* Nos. 96-4010, 98-1328, 97-3797, 97-3800, 2000 WL 804552 (7th Cir. June 22, 2000)(citing section 1915(a)(3) for the proposition that section 2241 and section 2254 appeals may not be taken in forma pauperis if the district court certifies the appeal is not taken in good faith, regardless of whether the Prisoner Litigation Reform Act applies to section 2241 and section 2254 suits).

CONCLUSION

For the reasons set forth above, the Motion for Leave to Appeal In Forma Pauperis, filed by Petitioner, Terrance Jackson, is **TAKEN UNDER ADVISEMENT**. Petitioner is **ORDERED** to file a statement of his issues on appeal with this Court within 30 days of the date of this order.

**DATED:  June 2, 2006**                                /s/RUDY LOZANO, Judge
                                                       **United States District Court**